# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MIGUEL GAONA, | ) | DIVISION ONE |
| Appellant, | )<br>) | No. 71022-2-I |
| v. | )<br>) | |
| GLEN ACRES GOLF & COUNTRY | ) | UNPUBLISHED OPINION |
| CLUB, a Washington business, form | ) | |
| unknown; and GLEN ACRES | ) | |
| HOMEOWNER'S ASSOCIATION, INC., | ) | |
| a Washington corporation, | ) | |
| | ) | |
| Respondents. | ) | FILED: November 17, 2014 |

DWYER, J. — Landowners are not liable for injuries to invitees caused by dangerous conditions on their property unless, among other things, the landowner should expect that the invitee will not discover the danger or will fail to protect himself or herself against it. In this case, there was no evidence that the landowner should have expected that the employee of a company hired to maintain the landowner's grounds, including its trees, would not discover or protect himself against the danger posed by a tree that fell and injured him. Therefore, the trial court properly dismissed the employee's action against the landowner on summary judgment.

I

Glen Acres Golf and Country Club is comprised of 225 condominium units and an adjacent golf course. Bill's Maintenance Company (BMC) provides gardening and landscaping services for Glen Acres, including tree care and inspection. BMC has performed those services for over 30 years.

On February 2, 2009, a willow tree at Glen Acres struck and seriously injured BMC employee Miguel Gaona while he was mowing grass. Gaona sued Glen Acres and its homeowners' association, alleging that they breached their duty "to warn or otherwise protect [him], an invitee . . . , of dangerous conditions" on the property.

Glen Acres moved for summary judgment, arguing that it had no actual or constructive notice of the tree's dangerous condition, that it fulfilled any duty it owed Gaona by hiring BMC to maintain and inspect its trees, and that it was not liable for any negligence of BMC. Glen Acres supported its motion with the declaration of Bill Placek, the owner and operator of BMC.

Placek stated that BMC had maintained the grounds at Glen Acres for 32 years. Its duties included periodic inspections of trees for indications that they were unhealthy or hazardous. He visually inspected the trees on the grounds by looking for dead or diseased limbs, dead or thinning leaves, abnormal growth or development, or insect infestations. He consulted an arborist whenever a tree had "an issue" or was "possibly a danger." Over the years, he had reported issues with various trees to the homeowners' association and some of the trees

had been removed. Placek said he visually inspected the tree that fell on Gaona "countless times" and saw no signs of distress. His inspections did not include looking beneath the ivy at the base of the tree.

Jane Placek stated in her declaration that she was the community association manager for the Glen Acres Homeowners' Association when the accident occurred. She confirmed that the decisions that BMC was hired to perform "included making periodic visual inspections of the grounds for any safety issues including advising the association if any trees on the grounds looked potentially hazardous." She said there had been occasions when the association had "trees . . . removed from the property because of concerns they might be hazardous." She swore that "[n]o one at any time informed me that there was any concern about the tree which struck the plaintiff prior to his injury." In his deposition, Gaona stated that he had worked near the subject tree "a lot" and never noticed any sign that it was unhealthy. Nor did anyone ever suggest to him that the tree showed indications of being unhealthy or dangerous.

In response to Glen Acres' summary judgment motion, Gaona argued that questions of fact existed regarding the adequacy of BMC's inspections and Glen Acres' negligence in hiring BMC. In support, Gaona submitted the declaration of Scott Baker, an arborist who inspected the tree's stump approximately three years after the accident. During his inspection, Baker removed ivy covering the base of the stump and discovered decay in the roots and trunk, an absence of roots on one side of the tree, and evidence that the tree had leaned in one

direction. He concluded that the tree failed due to the decay at its base. He believed that the decay was present when the tree failed, that the decay was discoverable by pulling back the ivy, and that, more likely than not, there was also significant and visible die-back in the crown of the tree prior to its failure. In Baker's opinion, BMC's tree inspections, which did not include an examination of the portions of the tree beneath the ivy, were inadequate.

The court granted Glen Acres' motion for summary judgment. In its oral ruling, the court stated in part:

> I don't think there's a requirement that they hire someone who is an arborist, who . . . would take away the ivy, poke around . . . .
>
> . . . .
>
> They had a regular visual inspection which is, I think, probably more than they even had to do.
>
> . . . .
>
> And there was no indication that . . . the hiring of him was negligent. That he was incapable of doing a normal visual inspection . . . .
>
> . . . .
>
> Mr. Bill may have been negligent. And there may be a question of fact as to that. But that's, as we've all agreed, that's between him and his employee. The Homeowner's Association is not liable for that . . . .

Gaona appeals.

## II

The sole issue on appeal is whether the trial court erred in granting summary judgment. We review that ruling de novo, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Dumont v. City of Seattle, 148 Wn. App. 850, 861, 200 P.3d 764 (2009).

Summary judgment will be upheld if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Snohomish County v. Rugg, 115 Wn. App. 218, 224, 61 P.3d 1184 (2002).

Citing the Restatement (Second) of Torts, section 343, Gaona contends that summary judgment was improper because there exist fact questions as to whether Glen Acres fulfilled its duty of reasonable care to discover dangerous conditions on its property. This contention overlooks other prerequisites to liability under the Restatement.

As an employee of an independent contractor hired by Glen Acres, Gaona was an invitee to whom Glen Acres owed certain duties under section 343 of the Restatement (Second) of Torts. Hymas v. UAP Distribution, Inc., 167 Wn. App. 136, 160, 272 P.3d 889 (2012) (employee of independent contractor is an invitee), review denied, 175 Wn.2d 1006 (2012); Kamla v. Space Needle Corp., 147 Wn.2d 114, 125, 52 P.3d 472 (2002) (section 343 governs landowner's duties to invitee in Washington). Section 343 provides as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343, at 215-16 (1965). The duty of "[r]easonable care requires the landowner to inspect for dangerous conditions,

'followed by such repair, safeguards, or warning as may be reasonably necessary for [the invitee's] protection under the circumstances.'" Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 139, 875 P.2d 621 (1994) (alteration in original) (quoting RESTATEMENT (SECOND) OF TORTS § 343 cmt. b); Iwai v. State, 129 Wn.2d 84, 93-94, 915 P.2d 1089 (1996). A landowner's responsibility for the condition of the land does not, however, make the landowner liable for the negligent acts or omissions of an independent contractor. Hymas, 167 Wn. App. at 161. The owner owes no duty to the employee of an independent contractor "to protect him from the negligence of his own master." Hymas, 167 Wn. App. at 162.

Gaona failed to demonstrate a fact issue as to subsection (b) of Restatement section 343.[1] He presented no evidence demonstrating that Glen Acres "should expect" that BMC and its employees would "not discover or realize the danger" from the tree or would "fail to protect themselves against it." RESTATEMENT (SECOND) OF TORTS § 343(b). BMC had inspected and maintained the trees for 30 years. There was no evidence that, prior to the accident, Glen Acres knew of any instances in which BMC failed to discover a dangerous tree. Gaona's own expert stated that a tree suffering from the condition that killed the subject tree would more likely than not show significant distress in the crown. Thus, if anything, the record supports a conclusion that Glen Acres should have

---

[1] Although this precise argument was not advanced below, our review is de novo and we may sustain the superior court's decision on any basis supported by the pleadings and proof. Swanson v. Holmquist, 13 Wn. App. 939, 941, 539 P.2d 104 (1975).

expected BMC and Gaona to discover the dangerous condition of the tree. Indeed, that was one of the very purposes for Glen Acres having engaged the services of BMC over more than three decades.

Similarly, Glen Acres points out, and Gaona does not dispute, that the "extent of the duty to inspect is dependent upon the circumstances and the relationship between the landowner and the invitee." Stimus v. Hagstrom, 88 Wn. App. 286, 294, 944 P.2d 1076 (1997).[2] Thus, "landowners who invite individuals with superior knowledge onto their property to make repairs on the property should not be required to know of defects the repairs were intended to discover and remedy or to anticipate defects within the expertise of the experts." Stimus, 88 Wn. App. at 296. In such circumstances, "[t]he duty owed . . . extends only to dangers *which the contractor or his servants could not reasonably have discovered* and of which the owner knew or should have known." Stimus, 88 Wn. App. at 296 (emphasis added).

It is undisputed that Glen Acres hired BMC "to oversee maintenance of the complex and provide landscaping and tree care/inspection." It is also undisputed that, by virtue of Bill Placek's 30 years of working with the trees, BMC had superior knowledge of the trees at Glen Acres, if not superior knowledge of tree care in general. Citing these facts and Stimus, Glen Acres contends it owed Gaona no duty because BMC had superior knowledge and any defect in the tree was one which BMC or its employee, Gaona, could have reasonably discovered.

---

[2] This argument was raised below.

Gaona fails to address Stimus or Glen Acres' arguments based on its reasoning. In the absence of any response to the arguments, Stimus provides an alternative basis for sustaining the trial court's order of summary judgment.

Finally, Gaona's argument that an adequate inspection in these circumstances required inspection by, or consultation with, an arborist, and that Glen Acres is liable for any inadequate inspection, fails for several reasons. First, even assuming BMC's inspections were inadequate under current law or the law envisioned by Gaona, Glen Acres is not liable for injuries to an employee of an independent contractor that are caused by the contractor's negligence. Hymas, 167 Wn. App. at 161. While Gaona suggested below that Glen Acres could still be liable on a theory of negligent hiring, he has not advanced that theory on appeal. Second, requiring an arborist's inspection would greatly exceed the lay inspection for "patent danger" or "readily observable" defects that is currently required under Washington law. See Lewis v. Krussel, 101 Wn. App. 178, 186-87, 2 P.3d 486 (2000). No compelling reasons for departing from this standard of care are advanced here. And contrary to Gaona's assertions, the facts of this case do not support an arborist inspection requirement since the defect in the subject tree could have been readily observed by BMC by simply pulling back the ivy at the base of the tree.

The court did not err in granting Glen Acres' motion for summary judgment.

No. 71022-2-I/9

Affirmed.

We concur:

_Dwyer, J_

_Spearman, C.J._

_Cox, J._

2014 NOV 17 AM 9: 28
COURT OF APPEALS DIV I
STATE OF WASHINGTON